**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**WILLIAM B.,**

        **Plaintiff,**

  **v.**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

        **Defendant.**

**Civil Action 2:25–cv–1509**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMMENDATION

Plaintiff William B. brings this action under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). For the reasons set forth below, the Undersigned **RECOMMENDS** that the Court **OVERRULE** Plaintiff's Statement of Errors (Doc. 10) and **AFFIRM** the Commissioner's decision.

## I.     BACKGROUND

On June 27, 2023, Plaintiff filed an application for DIB alleging disability beginning March 21, 2023, due to left torn rotator cuff, "heart problems – Brady Tacky syndrome," and concussion. (R. at 1749–55, 1809). After his application was denied initially and on reconsideration, an Administrative Law Judge ("ALJ") heard the matter. (*Id.* at 1008–36). Ultimately, the ALJ denied benefits in a written decision on January 28, 2025. (*Id.* at 986–1007). The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. (*Id.* at 1–7).

Plaintiff filed the instant case seeking a review of the Commissioner's decision on December 24, 2025 (Doc. 1), and the Commissioner filed the administrative record on February 27, 2026 (Doc. 7). The matter has been briefed and is ready for review. (Docs. 10, 12).

## A.    The Administrative Record

In her opinion, the ALJ summarized and evaluated Plaintiff's statements to the agency, hearing testimony, medical records, and symptoms.  (R. at 995–1000).  The ALJ also analyzed the medical source opinions and prior administrative medical findings.  (*Id.* at 1000).  Rather than repeat these summaries, the Undersigned will focus on the evidence pertinent to Plaintiff's assigned error below.

## B.    The ALJ's Decision

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2028 and has not engaged in substantial gainful activity since March 21, 2023, the alleged onset date.  (R. at 991).  The ALJ determined that Plaintiff suffered from the following severe impairments: Paroxysmal atrial fibrillation; Tachybradycardia syndrome status post pacemaker placement; Hypotension; Left shoulder status post arthroscopy; Attention Deficit Hyperactivity Disorder; Generalized anxiety disorder; and Bipolar disorder by history.  (*Id.* at 991–92).   The ALJ, however, found that none of Plaintiff's impairments, either singly or in combination, meet or medically equals a listed impairment.  (*Id.* at 992).

As to Plaintiff's residual functional capacity ("RFC"), the ALJ opined:

After careful consideration of the entire record, the [ALJ] finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: He could occasionally push and/or pull with the left upper extremity. He could never climb ladders, ropes, or scaffolds. He could occasionally climb ramps and stairs, balance as that term is defined in the Selected Characteristics of Occupations (SCO), stoop, kneel, crouch and crawl. The claimant could occasionally perform overhead reaching and could frequently perform front and lateral reaching with the left upper extremity. He must avoid all exposure to hazards. The claimant cannot perform jobs requiring commercial driving. He could understand, remember, and carryout simple instructions. He could have occasional interaction with the public, coworkers and supervisors. He could not perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas. He could deal with occasional changes in a routine work setting.

2

(*Id.* at 994).

Upon "careful consideration of the evidence," the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 995).

Relying on the vocational expert's testimony, the ALJ found that Plaintiff is unable to perform his past relevant work as an electrician. (*Id.* at 1001). However, considering his age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform at the light exertional level, such as a router, mail clerk, and routing clerk. (*Id.* at 1001–1002). The ALJ therefore concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from March 21, 2023, through the date of this decision (20 CFR 404.1520(g))." (*Id.* at 1002).

### C. The Appeals Council Decision

The Appeals Council discussed the additional evidence submitted after the ALJ's decision:

> [Plaintiff] submitted new evidence from Genesis Healthcare dated March 21, 2023 through January 28, 2025 (498 pages); from Genesis Healthcare System dated April 27, 2023 (1 page), and dated November 20, 2024 through December 11, 2024 (14 pages); from Grant Chow, MD dated November 16, 2023 (2 pages); from The Hartford, dated March 21, 2023 through January 28, 2025 (577 pages), and dated September 4, 2024 (1 page). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.
>
> [Plaintiff] submitted new evidence from Genesis Healthcare System dated March 20, 2025 through March 28, 2025 (33 pages), dated April 2, 2025 through April 13, 2025 (146 pages), and dated April 25, 2025, through July 28, 2025 (291 pages); and from The Hartford dated September 17, 2025 (2 pages). The Administrative Law Judge decided your case through January 28, 2025. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before January 28, 2025.
>
> * * *

(R. at 2).

3

## II.    STANDARD OF REVIEW

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

## III.    DISCUSSION

Plaintiff argues that the ALJ improperly considered evidence that was timely submitted. (Doc. 10 at 6–8).  Specifically, he says that "nearly 600 pages of records were submitted during the relevant time period in this case that the ALJ did not consider. The records were submitted at the earliest possible time."  (*Id.* at 7).  Because the ALJ did not consider those records, says Plaintiff, "the ALJ's decision was not based on the substantial evidence of record." (*Id.*).  The Commissioner construes Plaintiff's statement of error as a Sentence Six remand request, arguing that "Plaintiff does not explain, nor does the record show, that there was good cause for the late submission of the evidence or a reasonable probability that the outcome of the decision would have changed with consideration of that evidence." (Doc. 12 at 2–5).

To begin, Plaintiff's argument is sparse and unclear.  While he cites to sentence four of 42 U.S.C. § 405(g) in his introduction and conclusion paragraphs and summarily states that "the ALJ's decision was not based on the substantial evidence of record," the core of Plaintiff's

argument appears to be that the ALJ should have considered evidence submitted after the hearing. (Doc. 10 at 1, 6–7, 9). The Undersigned agrees with the Commissioner that Plaintiff seeks a Sentence Six remand, and in the absence of a reply clarifying his position, the Undersigned analyzes Plaintiff's argument as such.

Under sentence six of 42 U.S.C. § 405(g), the Court may remand a case to the Social Security Administration "because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). A Sentence Six remand for consideration of additional evidence is warranted only if (1) there is good cause for the failure to incorporate this evidence into the record at the prior hearing, and (2) the evidence is new and material. 42 U.S.C. § 405(g); *see Melkonyan*, 501 U.S. at 89; *see also Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Plaintiff, the party seeking a Sentence Six remand in the present case, bears the burden of establishing the two requirements. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). To establish good cause, a plaintiff "must give a valid reason for his failure to obtain evidence prior to the hearing" for inclusion in the administrative record. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986) (citing *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984)). "Evidence produced by continued medical treatment" meets the good-cause requirement for a Sentence Six remand, unlike evidence generated "for the purpose of attempting to prove disability." *Smith v. Comm'r of Soc. Sec.*, No. 2:18-cv-01171, 2020 WL 358703, at *8 (S.D. Ohio Jan. 22, 2020); *see also Powell v. Comm'r of Soc. Sec.*, No. 3:07-cv-074, 2008 WL 886134, at *9 (S.D. Ohio March 28, 2008) (citing *Koulizos v. Sec'y of Health & Human Servs.*, 802 F.2d 458, 1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986)).

5

Evidence is new "only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)).  To be "material," new evidence (1) must be relevant to and probative of an applicant's condition prior to the Commissioner's decision, and (2) must establish a reasonable probability that the Commissioner would have reached a different decision if the evidence had been considered.  *Smith v. Comm'r of Soc. Sec.*, No. 1:07-cv-199, 2008 WL 2311561, at *6 (S.D. Ohio June 4, 2008) (citing *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)); *Oliver*, 804 F.2d at 966.

Addressing the good cause requirement first, Plaintiff argues that he timely submitted the unconsidered evidence.  (Doc. 10 at 6).  But a closer look at the record belies his claim.  As the Commissioner notes, a "review of the timeline of events from shortly before the administrative hearing until the ALJ issued her decision six weeks later show that Plaintiff did not timely submit post-hearing evidence to the ALJ."  (Doc. 12 at 2).

> Plaintiff submitted a letter to the ALJ on December 9, 2024, explaining that there were outstanding records (R. at 1880). Ten days later, at the December 19, 2024 hearing, the ALJ provided Plaintiff and his attorney 14 days to submit any additional evidence identified in the December 9, 2024 letter and advised them that if additional time was needed, they would need to seek an extension (R. at 1035; *see also* R. at 989). Also at the hearing, the ALJ asked Plaintiff's attorney if 14 days would be sufficient to obtain the outstanding records, and the attorney replied "[y]es, I believe so. Thank you" (R. at 1035). The ALJ then stated, "[i]f you do need any additional time, I certainly could extend that, however, if we do not hear from you in that 14-day period, I would then consider the record complete," to which the attorney replied, "[o]kay. Thank you" (R. at 1035; *see also* R. at 989). Finally, in her January 28, 2025 hearing decision, the ALJ explained that "no new evidence or request for extension was received in that 14-day period and thus, the record was closed" (R. at 989). And indeed, Plaintiff missed the 14-day deadline by 26 days and instead submitted the evidence (presumably coincidentally) on January 28, the same day the ALJ issued her decision.

(*Id.* at 2–3).

Plaintiff does not provide any explanation as to why he did not seek additional time. Instead, he claims the records "were submitted at the earliest possible time" without further support. (Doc. 10 at 7). This single, conclusory statement is far from sufficient to demonstrate good cause. Indeed, a claimant is required to detail the obstacles that prevented him from entering the evidence in a timely manner in order to demonstrate good cause. *Bass*, 499 F.3d at 513. *See also Sustaita v. Comm'r of Soc. Sec.*, No. 1:08-CV-566, 2009 WL 3153157, at *6 (W.D. Mich. Sept. 25, 2009) (finding no good cause where the plaintiff offered no explanation for failing to supplement the record when the ALJ kept the record open after the hearing); *Parish v. Berryhill*, No. 2:18-CV-294, 2019 WL 2482184, at *5 (S.D. Ohio June 14, 2019), *report and recommendation adopted sub nom. Par. v. Comm'r of Soc. Sec.*, No. 2:18-CV-294, 2019 WL 2929191 (S.D. Ohio July 8, 2019) ("a claimant does not establish good cause where the claimant knows of additional forthcoming evidence but fails to seek a continuance"); *Dunlap v. Astrue*, No. 3:10-CV-2364, 2011 WL 5037231, at *11 (N.D. Ohio Oct. 24, 2011) (noting that counsel did not seek to have the record remain open for additional evidence). What's more, Plaintiff makes no effort to address the new and material requirement. *Sustaita*, 2009 WL 3153157, at *6 (recommending denial of Sentence Six remand in part because the plaintiff "fail[ed] to discuss, let alone demonstrate[d], the materiality . . . necessary for such a remand").

In sum, Plaintiff has failed to carry his burden to show that remand is justified here.

## IV.   CONCLUSION

Based on the foregoing, the Undersigned **RECOMMENDS** that the Court **OVERRULE** Plaintiff's Statement of Errors (Doc. 10) and enter judgment in favor of Defendant.

## V.   PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific

proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the district judge review the Report and Recommendation *de novo* and in a forfeiture of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: July 22, 2026

*s/ Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE